

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Sean M. Sherman*  
*Assistant U.S. Attorney*

*970 Broad Street*  
*Newark, New Jersey 07102*

*Direct: (973) 645-2733*

June 12, 2019

**VIA EMAIL**

Paul B. Brickfield
70 Grand Avenue
River Edge, New Jersey 07661
pbrickfield@brickdonlaw.com

Re:  Plea Agreement with Jonathan Rosado

Dear Mr. Brickfield:

This letter sets forth the plea agreement between your client, Jonathan Rosado ("ROSADO"), and the United States Attorney for the District of New Jersey ("this Office"). The Office's offer to enter into this plea agreement will expire on June 28, 2019, if a signed copy is not received by this Office on or before that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from ROSADO to an Information charging him with bulk cash smuggling, in violation of 31 U.S.C. § 5332(a)(1) and (b), and 18 U.S.C. § 2 (Count One). If ROSADO enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against ROSADO for his bulk cash smuggling, or for any false statements made to law enforcement on or about May 2, 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, ROSADO agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by ROSADO may be commenced against him, notwithstanding the expiration of the limitations period after ROSADO signs the agreement.

Sentencing

The violations of 31 U.S.C. § 5332(a)(1) and (b), and 18 U.S.C. § 2 to which ROSADO agrees to plead guilty in Count One carry a statutory maximum penalty of 5 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon ROSADO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence ROSADO ultimately will receive.

Further, in addition to imposing any other penalty on ROSADO, the sentencing judge: (1) will order ROSADO to pay an assessment of $100 per Count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order ROSADO to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 31 U.S.C. § 5332(b)(2); and (4) pursuant to 18 U.S.C. § 3583, may require ROSADO to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should ROSADO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, ROSADO may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on ROSADO by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full

nature and extent of ROSADO's activities and relevant conduct with respect to this case.

## Stipulations

This Office and ROSADO agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or ROSADO from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and ROSADO waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility, ROSADO agrees to forfeit to the United States pursuant to 31 U.S.C. § 5332(b)(2), any property, real or personal, involved in the offenses charged in Count One or any property traceable to such property (the "Forfeitable Property").

ROSADO agrees that as part of his acceptance of responsibility and pursuant to 31 U.S.C. § 5332(b)(2), ROSADO will consent to the entry of a forfeiture money judgment for the total amount of the proceeds he obtained as a result of the commission of the offenses charged in Count One of the Information,

and consents to the entry of a forfeiture money judgment in that amount (the "Forfeiture Money Judgment"). ROSADO also agrees, as part of his acceptance of responsibility, to the forfeiture of all property, real or personal, that constitutes or is derived from proceeds traceable to the conduct charged in Count One of the Information. ROSADO further agrees to fully cooperate with the Office in establishing a payment plan, surrendering assets, or in any other action taken by the Office to satisfy the Forfeiture Money Judgment.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of a preliminary order of forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Forfeitable Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

ROSADO waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. ROSADO understands that the forfeiture of any property that may be identified subsequent to the date of this agreement, is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of ROSADO's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. ROSADO hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

ROSADO represents that he has disclosed all of his assets to the United States on the Financial Disclosure Statement he submitted to the Office. ROSADO agrees that if this Office determines that ROSADO has intentionally failed to disclose assets on that Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, ROSADO consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that ROSADO owns or in which ROSADO has an interest be discovered, ROSADO knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. ROSADO further agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, ROSADO agrees to submit to a recorded deposition under oath regarding the sources of funds paid to his, directly or indirectly, and their disposition, if requested by this Office.

Immigration Consequences

ROSADO understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. ROSADO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. ROSADO wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. ROSADO understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, ROSADO waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against ROSADO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against ROSADO.

No provision of this agreement shall preclude ROSADO from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that ROSADO received constitutionally ineffective assistance of counsel.

No Other Promises

        This agreement constitutes the plea agreement between ROSADO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        Craig Carpenito
        United States Attorney

        By: SEAN M. SHERMAN
        Assistant U.S. Attorney

APPROVED:

_____
DARA AQUILA GOVAN
Chief, Public Protection Unit

I have received this letter from my attorney, Paul Brickfield, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____		Date: June 24, 2019
Jonathan Rosado


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____		Date: 6/24/19
Paul Brickfield, Esq.

<u>Plea Agreement With Jonathan Rosado</u>

<u>Schedule A</u>

1. This Office and ROSADO recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and ROSADO nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence ROSADO within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and ROSADO further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

**Count One**
(Bulk Cash Smuggling, 31 U.S.C. § 5332, 18 U.S.C. § 2)

3. The applicable guideline regarding Count One is U.S.S.G. § 2S1.3(a)(2), which specifies a Base Offense Level of 6 plus the number of offense levels from the table in U.S.S.G. § 2B1.1, corresponding to the value of the funds involved in the offense.

4. Because the value of the funds involved in the offense was more than $95,000, but not more than $150,000, under U.S.S.G. § 2B1.1(b)(1)(E), there is an increase of 8 levels.

5. Specific Offense Characteristic U.S.S.G. §§ 2S1.3(b)(1)(B) applies because the offense involved bulk cash smuggling. This Specific Offense Characteristic results in an increase of 2 levels.

6. Accordingly, the offense level for Count One is 16.

**Acceptance of Responsibility**

7. As of the date of this letter, ROSADO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if his acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, ROSADO has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate

their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in ROSADO's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) ROSADO enters a plea pursuant to this agreement, (b) this Office in its discretion determines that ROSADO's acceptance of responsibility has continued through the date of sentencing and ROSADO therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) ROSADO's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to ROSADO is 13 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 13 is reasonable.

11. ROSADO knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.